UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED**<br>**SUPERSEDING INDICTMENT** |
| v. | S2 25 Cr. 41 (DLC) |
| KEIBER JAEN MARTINEZ,<br>    a/k/a "Keybe,"<br>JARWIN VALERO-CALDERON,<br>    a/k/a "La Fama,"<br>SAMUEL GONZALEZ CASTRO,<br>    a/k/a "Klei,"<br>    a/k/a "Kley,"<br>EFERSON MORILLO-GOMEZ,<br>    a/k/a "Jefferson,"<br>    a/k/a "Efe Trebol,"<br>KEIVER SILVA-JIMENEZ,<br>    a/k/a "Josue Silva,"<br>    a/k/a "Chuky,"<br>KEINEYER IBARRA-MUJICA,<br>    a/k/a "Keiner,"<br>MARLON FARIAS,<br>    a/k/a "Bili,"<br>BRAYAN OLIVEROS-CHERO,<br>SANDRO OLIVEROS-CHERO, and<br>ARMANDO JOSE PEREZ GONZALEZ,<br>    a/k/a "Biblia,"<br><br>                    Defendants. | |

**COUNT ONE**
**(Racketeering Conspiracy)**
**(ALL DEFENDANTS)**

The Grand Jury charges:

At all times relevant to this Indictment,

THE TREN DE ARAGUA ENTERPRISE

1.    KEIBER JAEN MARTINEZ, a/k/a "Keybe," JARWIN VALERO-CALDERON,

a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON

MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," MARLON FARIAS, a/k/a "Bili," BRAYAN OLIVEROS-CHERO, SANDRO OLIVEROS-CHERO, and ARMANDO JOSE PEREZ GONZALEZ, a/k/a "Biblia," the defendants, and others known and unknown, were members and associates of the Tren de Aragua Enterprise, an organization that operated throughout New York City, including in the boroughs of the Bronx, Queens, as well as internationally in Venezuela, Peru, and elsewhere. Members and associates of the Tren de Aragua Enterprise engaged in, among other activities, acts involving murder and assault, sex trafficking, human smuggling, trafficking of controlled substances, firearms trafficking, and robberies.

2.     The Tren de Aragua Enterprise ("TDA" or the "Enterprise") including its leaders, members, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce. TDA constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of TDA.

3.     KEIBER JAEN MARTINEZ, a/k/a "Keybe," JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," MARLON FARIAS, a/k/a "Bili," BRAYAN OLIVEROS-CHERO, SANDRO OLIVEROS-CHERO, and ARMANDO JOSE PEREZ GONZALEZ, a/k/a "Biblia," the defendants, were members and associates of TDA and participated in unlawful and other activities in furtherance of the conduct of TDA's affairs.

PURPOSES OF THE TDA ENTERPRISE

4.    The purposes of the TDA enterprise included the following:

a.    Preserving and protecting the power and territory of TDA and its members and associates through acts involving murder, assault, robbery, other acts of violence, and threats of violence, including acts of violence and threats of violence directed at former members and associates of TDA who associated with a splinter organization known as "Anti-Tren."

b.    Enriching the members and associates of TDA through, among other things, (i) the unlawful smuggling of individuals, including young women from Venezuela, into Peru and the United States, (ii) the sex trafficking of young women (whom members and associates of TDA often refer to as "multadas") who had been unlawfully smuggled into Peru and the United States, (iii) the trafficking of controlled substances, including a mixed substance called "tusi" that contains ketamine, and (iv) armed robberies.

c.    Keeping victims and potential victims in fear of TDA and its members and associates through threats and acts of violence.

d.    Promoting and enhancing TDA and the reputation and activities of its members and associates.

e.    Providing assistance to members and associates of TDA who committed crimes for and on behalf of TDA, such as lodgings and interstate transportation for members and associates of TDA to flee prosecution.

f.    Protecting TDA and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation, threats, and violence against potential witnesses to crimes committed by members of TDA.

MEANS AND METHODS OF THE TDA ENTERPRISE

5.     Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of TDA were the following:

a.     Members and associates of TDA committed and conspired, attempted, and threatened to commit, acts of violence, including acts involving murder and assault, to protect and to expand TDA's criminal operations, resolve disputes within TDA, to retaliate against rival organizations, including Anti-Tren, and to maintain control over sex trafficking victims.

b.     Members and associates of TDA engaged in human smuggling and sex trafficking of young women they referred to as "multadas," whom TDA transported from Venezuela into Peru and the United States in exchange for debts that the "multadas" would pay back to TDA by engaging in commercial sex work.  Members of TDA enforced compliance among "multadas" by, among other things, (i) threatening to kill "multadas" and their families, (ii) assaulting "multadas," (iii) shooting or killing "multadas," and (iv) tracking down and kidnapping "multadas" who tried to flee.

c.     Members and associates of TDA distributed and possessed with intent to distribute controlled substances, including (i) a mixed substance called "tusi" that contains ketamine, (ii) methamphetamine, and (iii) marijuana.

d.     Members and associates of TDA committed robberies.

e.     Members and associates of TDA obtained, possessed, trafficked, and used firearms and ammunition.

THE RACKETEERING CONSPIRACY

6.     From at least in or about 2018 through at least in or about 2025, in the Southern District of New York and elsewhere, KEIBER JAEN MARTINEZ, a/k/a "Keybe," JARWIN

VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," MARLON FARIAS, a/k/a "Bili," BRAYAN OLIVEROS-CHERO, SANDRO OLIVEROS-CHERO, and ARMANDO JOSE PEREZ GONZALEZ, a/k/a "Biblia," the defendants, and others known and unknown, being persons employed by and associated with TDA, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of TDA through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), which pattern of racketeering activity consisted of:

   a.  Multiple acts involving:

     (i)  murder, chargeable under the following provisions of New York State law: New York Penal Law, Sections 125.25 (murder), 110.00 (attempt), 105.15 (conspiracy), and 20.00 (aiding and abetting);

     (ii)  robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.00, 160.05, 160.10 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

     (iii)  extortion, chargeable under the following provisions of state law: New York Penal Law, Sections 155.05(2)(e) and 155.40 (larceny by extortion), 110.00 (attempt), 105.10 (conspiracy), and 20.00 (aiding and abetting);

b.      multiple acts indictable under:

(i)      Title 18, United States Code, Section 1591 (relating to sex trafficking by force, fraud, and coercion);

(ii)      Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

(iii)      Title 18, United States Code, Section 933 (relating to trafficking in firearms); and

c.      multiple offenses involving the distribution of controlled substances, including ketamine, methamphetamine, and marijuana, chargeable under Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

7.      It was a part of the conspiracy that KEIBER JAEN MARTINEZ, a/k/a "Keybe," JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," MARLON FARIAS, a/k/a "Bili," BRAYAN OLIVEROS-CHERO, SANDRO OLIVEROS-CHERO, and ARMANDO JOSE PEREZ GONZALEZ, a/k/a "Biblia," the defendants, agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of TDA.

## NOTICE OF SPECIAL SENTENCING FACTOR

8.    On or about May 24, 2024, in the Southern District of New York and elsewhere, KEIBER JAEN MARTINEZ, a/k/a "Keybe," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," and MARLON FARIAS, a/k/a "Bili," the defendants, and others known and unknown, knowingly and intentionally murdered Claretha LaQuesha Daniels and Justin Lawless, in that, (a) with the intent to cause the death of Claretha LaQuesha Daniels and Justin Lawless, JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, and FARIAS caused the deaths of Claretha LaQuesha Daniels and Justin Lawless; and, (b) under circumstances evincing a depraved indifference to human life, JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, and FARIAS recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Claretha LaQuesha Daniels and Justin Lawless, to wit, JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, and FARIAS shot at Claretha LaQuesha Daniels, Justin Lawless, and a third victim ("Victim-3"), and aided, abetted, counseled, commanded, induced, procured, and willfully caused the shooting of Claretha LaQuesha Daniels, Justin Lawless, and Victim-3 in the vicinity of 2290 Davidson Avenue in the Bronx, New York, which resulted in the deaths of Claretha LaQuesha Daniels and Justin Lawless, in violation of New York Penal Law, Sections 125.25 and 20.00.

(Title 18, United States Code, Section 1962(d).)

**COUNT TWO**
**(Conspiracy to Distribute Controlled Substances)**
**(VALERO-CALDERON, BRAYAN OLIVEROS-CHERO,**
**SANDRO OLIVEROS-CHERO, PEREZ GONZALEZ)**

The Grand Jury further charges:

9.     From at least in or about 2024 through at least in or about 2025, in the Southern District of New York and elsewhere,  JARWIN VALERO-CALDERON, a/k/a "La Fama," BRAYAN OLIVEROS-CHERO, SANDRO OLIVEROS-CHERO, and ARMANDO JOSE PEREZ GONZALEZ, a/k/a "Biblia," the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

10.     It was a part and an object of the conspiracy that  JARWIN VALERO-CALDERON, a/k/a "La Fama," BRAYAN OLIVEROS-CHERO, SANDRO OLIVEROS-CHERO, and ARMANDO JOSE PEREZ GONZALEZ, a/k/a "Biblia," the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

11.     The controlled substances involved in the offense were (i) mixtures and substances containing a detectable amount of ketamine, in violation of Title 21, United States Code, Section 841(b)(1)(C), (ii) mixtures and substances containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Section 841(b)(1)(C), and (iii) mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

**COUNT THREE**
**(Conspiracy to Commit Carjacking)**
**(VALERO-CALDERON, CASTRO, MORILLO-GOMEZ)**

The Grand Jury further charges:

12.    On or about September 30, 2024, in the Southern District of New York and elsewhere, JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," and EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, carjacking, in violation of Title 18, United States Code, Section 2119.

13.    It was a part and object of the conspiracy that JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," and EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendants, and others known and unknown, would and did, with the intent to cause death and serious bodily harm, take a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force and violence and by intimidation.

Overt Act

14.    In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.    On or about September 30, 2024, SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," and EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendants—acting at the direction of JARWIN VALERO-CALDERON, a/k/a "La Fama," the

defendant—brandished and pointed guns at an employee of a car dealership ("Victim-1") and forcibly took possession of Victim-1's car in the Bronx, New York.

(Title 18, United States Code, Section 371.)

## COUNT FOUR
### (Carjacking)
### (VALERO-CALDERON, CASTRO, MORILLO-GOMEZ)

The Grand Jury further charges:

15.    On or about September 30, 2024, in the Southern District of New York and elsewhere, JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," and EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendants, with the intent to cause death and serious bodily harm, took a motor vehicle that had been transported, shipped, and received in interstate and foreign commerce from the person and presence of another by force and violence and by intimidation, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the same, to wit, VALERO-CALDERON, CASTRO, and MORILLO-GOMEZ, participated in a scheme to forcibly take possession of Victim-1's car at gunpoint in the Bronx, New York.

(Title 18, United States Code, Sections 2119 and 2.)

## COUNT FIVE
### (Hobbs Act Robbery)
### (VALERO-CALDERON, CASTRO, MORILLO-GOMEZ)

The Grand Jury further charges:

16.    On or about September 30, 2024, in the Southern District of New York and elsewhere, JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," and EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendants, knowingly committed robbery, as that term is defined in Title

18, United States Code, Section 1951(b)(1), and thereby obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided, abetted, counseled, commanded, induced, procured, and willfully caused the same, to wit, VALERO-CALDERON, CASTRO, and MORILLO-GOMEZ, participated in a gunpoint robbery in the Bronx, New York of Victim-1, who is an employee of a car dealership that does business in New York and New Jersey.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT SIX
### (Firearms Use, Carrying, and Possession)
### (VALERO-CALDERON, CASTRO, MORILLO-GOMEZ)

The Grand Jury further charges:

17.     On or about September 30, 2024, in the Southern District of New York and elsewhere, JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," and EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendants, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, namely, the carjacking charged in Count Four of this Indictment and the Hobbs Act robbery charged in Count Five of this Indictment, knowingly used and carried firearms, and in furtherance of such crimes, possessed firearms, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the use, carrying, and possession of firearms, which were brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii), and 2.)

## COUNT SEVEN
### (Attempted Hobbs Act Extortion)
### (VALERO-CALDERON, CASTRO, MORILLO-GOMEZ)

The Grand Jury further charges:

18.    From at least in or about September 2024 through at least in or about October 2024, in the Southern District of New York and elsewhere, JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," and EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendants, knowingly attempted to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and thereby attempted to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and aided, abetted, counseled, commanded, induced, procured, and willfully caused the same, to wit, VALERO-CALDERON, CASTRO, and MORILLO-GOMEZ threatened to kill Victim-1 and members of Victim-1's family if Victim-1 did not provide VALERO-CALDERON, CASTRO, and MORILLO-GOMEZ with, among other things, vehicles from a car dealership that does business in New York and New Jersey.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT EIGHT
### (Firearms Use, Carrying, and Possession – Conspiracy)
### (VALERO-CALDERON, CASTRO, MORILLO-GOMEZ)

The Grand Jury further charges:

19.    From at least in or about September 2024 through at least in or about October 2024, in the Southern District of New York and elsewhere, JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," and EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendants, and others known and

unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

20.    It was a part and an object of the conspiracy that JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," and EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendants, and others known and unknown, would and did, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, Hobbs Act extortion, in violation of Title 18, United States Code, Section 1951, knowingly use and carry one or more firearms, and, in furtherance of such crime, possess one or more firearms, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

(Title 18, United States Code, Section 924(o).)

## COUNT NINE
### (Firearm Use, Carrying, and Possession – Conspiracy)
### (BRAYAN OLIVEROS-CHERO, SANDRO OLIVEROS-CHERO)

The Grand Jury further charges:

21.    From at least in or about July 2024 through at least in or about October 2024, in the Southern District of New York and elsewhere, BRAYAN OLIVEROS-CHERO and SANDRO OLIVEROS-CHERO, the defendants, and others known and unknown, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

22.    It was a part and an object of the conspiracy that BRAYAN OLIVEROS-CHERO and SANDRO OLIVEROS-CHERO, the defendants, and others known and unknown, would and did, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count Two of this Indictment,

knowingly use and carry one or more firearms, and, in furtherance of such crime, possess one or more firearms, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

(Title 18, United States Code, Section 924(o).)

## COUNT TEN
### (Firearm Use, Carrying, and Possession)
### (BRAYAN OLIVEROS-CHERO, SANDRO OLIVEROS-CHERO)

The Grand Jury further charges:

23.    From at least in or about July 2024 through at least in or about October 2024, in the Southern District of New York and elsewhere, BRAYAN OLIVEROS-CHERO and SANDRO OLIVEROS-CHERO, the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count Two of this Indictment, knowingly used and carried one or more firearms, and in furtherance of such crime, possessed one or more firearms, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the use, carrying, and possession of one or more firearms.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT ELEVEN
### (Possession of Ammunition by an Illegal Alien)
### (BRAYAN OLIVEROS-CHERO)

The Grand Jury further charges:

24.    From at least in or about July 2024 through at least in or about October 2024, in the Southern District of New York and elsewhere, BRAYAN OLIVEROS-CHERO, the defendant, knowing he was an alien illegally and unlawfully in the United States, knowingly possessed and

aided and abetted the possession of ammunition, to wit, PMC Smith & Wesson .40 caliber ammunition, and the ammunition was in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(5) and 2.)

## COUNT TWELVE
### (Possession of a Firearm and Ammunition by an Illegal Alien)
### (SANDRO OLIVEROS-CHERO)

The Grand Jury further charges:

25.    From at least in or about July 2024 through at least in or about October 2024, in the Southern District of New York and elsewhere, SANDRO OLIVEROS-CHERO, the defendant, knowing he was an alien illegally and unlawfully in the United States, knowingly possessed and aided and abetted the possession of a firearm and ammunition, to wit, a Glock Model 19 9mm pistol and PMC .40 caliber ammunition, and the firearm and ammunition were in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(5) and 2.)

## COUNT THIRTEEN
### (Firearm Use, Carrying, and Possession)
### (PEREZ GONZALEZ)

The Grand Jury further charges:

26.    In or about December 2024, in the Southern District of New York and elsewhere, ARMANDO JOSE PEREZ GONZALEZ, a/k/a "Biblia," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the drug trafficking crime charged in Count Two of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.)

## COUNT FOURTEEN
### (Possession of a Firearm by an Illegal Alien)
### (PEREZ GONZALEZ)

The Grand Jury further charges:

27.     In or about December 2024, in the Southern District of New York and elsewhere, ARMANDO JOSE PEREZ GONZALEZ, a/k/a "Biblia," the defendant, knowing he was an alien illegally and unlawfully in the United States, knowingly possessed and aided and abetted the possession of a firearm, to wit, a Harrington and Richardson .38 caliber revolver, and the firearm was in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(5) and 2.)

## COUNT FIFTEEN
### (Violent Crime in Aid of Racketeering – Murder of Claretha LaQuesha Daniels)
### (JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, FARIAS)

The Grand Jury further charges:

28.     At all times relevant to this Indictment, TDA, as described in Paragraphs One through Seven of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce. TDA constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of TDA.

29.     At all relevant times to this Indictment, TDA, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely:

     a.     Multiple acts involving:

        (i)     murder, chargeable under the following provisions of New York State law: New York Penal Law, Sections 125.25 (murder), 110.00 (attempt), 105.15 (conspiracy), and 20.00 (aiding and abetting);

        (ii)     robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.00, 160.05, 160.10 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

        (iii)     extortion, chargeable under the following provisions of state law: New York Penal Law, Sections 155.05(2)(e) and 155.40 (larceny by extortion), 110.00 (attempt), 105.10 (conspiracy), and 20.00 (aiding and abetting);

     b.     multiple acts indictable under:

        (i)     Title 18, United States Code, Section 1591 (relating to sex trafficking by force, fraud, and coercion);

        (ii)     Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

        (iii)     Title 18, United States Code, Section 933 (relating to trafficking in firearms); and

     c.     multiple offenses involving the distribution of controlled substances, including ketamine, methamphetamine, and marijuana, chargeable under Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing).

30.    On or about May 24, 2024, in the Southern District of New York and elsewhere, KEIBER JAEN MARTINEZ, a/k/a "Keybe," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," and MARLON FARIAS, a/k/a "Bili," the defendants, and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in TDA, an enterprise engaged in racketeering activity, as described above, knowingly and intentionally murdered Claretha LaQuesha Daniels, in that, (a) with the intent to cause the death of Claretha LaQuesha Daniels, JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, and FARIAS caused the death of Claretha LaQuesha Daniels; and, (b) under circumstances evincing a depraved indifference to human life, JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, and FARIAS recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Claretha LaQuesha Daniels; and knowingly assaulted an individual with a dangerous weapon, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the same, to wit, JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, and FARIAS shot at Claretha LaQuesha Daniels, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the shooting of Claretha LaQuesha Daniels, in the vicinity of 2290 Davidson Avenue in the Bronx, New York, which resulted in the death of Claretha LaQuesha Daniels, in violation of New York Penal Law, Sections 120.05(2), 120.14, 125.25, and 20.00.

## SPECIAL FINDINGS REGARDING THE MURDER OF
## CLARETHA LAQUESHA DANIELS

31.     Count Fifteen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein.  As to Count Fifteen, alleging murder in aid of racketeering from the May 24, 2024 murder of Claretha LaQuesha Daniels, KEIBER JAEN MARTINEZ, a/k/a "Keybe," the defendant:

        a.     was 18 years of age and older at the time of the offense;

        b.     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Claretha LaQuesha Daniels died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

        c.     in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

32.     Count Fifteen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein.  As to Count Fifteen, alleging murder in aid of racketeering from the May 24, 2024 murder of Claretha LaQuesha Daniels, SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," the defendant:

        a.     was 18 years of age and older at the time of the offense;

        b.     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Claretha LaQuesha Daniels died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

      c.     in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

33.    Count Fifteen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Fifteen, alleging murder in aid of racketeering from the May 24, 2024 murder of Claretha LaQuesha Daniels, EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendant:

      a.     was 18 years of age and older at the time of the offense;

      b.     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Claretha LaQuesha Daniels died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

      c.     intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Claretha LaQuesha Daniels died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

      d.     in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and

34.    Count Fifteen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Fifteen, alleging murder in aid of racketeering from the

May 24, 2024 murder of Claretha LaQuesha Daniels, KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," the defendant:

      a.     was 18 years of age and older at the time of the offense;

      b.     intentionally killed Claretha LaQuesha Daniels (Title 18, United States Code, Section 3591(a)(2)(A));

      c.     intentionally inflicted serious bodily injury that resulted in the death of Claretha LaQuesha Daniels (Title 18, United States Code, Section 3591(a)(2)(B));

      d.     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Claretha LaQuesha Daniels died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

      e.     intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Claretha LaQuesha Daniels died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

      f.     in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

     35.     Count Fifteen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Fifteen, alleging murder in aid of racketeering from the May 24, 2024 murder of Claretha LaQuesha Daniels, KEINEYER IBARRA-MUJICA, a/k/a "Keiner," the defendant:

   a.  was 18 years of age and older at the time of the offense;

   b.  intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Claretha LaQuesha Daniels died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

   c.  in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

  36.  Count Fifteen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Fifteen, alleging murder in aid of racketeering from the May 24, 2024 murder of Claretha LaQuesha Daniels, MARLON FARIAS, a/k/a "Bili," the defendant:

   a.  was 18 years of age and older at the time of the offense;

   b.  intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Claretha LaQuesha Daniels died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

   c.  in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

  (Title 18, United States Code, Sections 1959(a)(1), (a)(3), and 2.)

## COUNT SIXTEEN
### (Firearms Use, Carrying, and Possession)
### (JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, FARIAS)

The Grand Jury further charges:

37.     On or about May 24, 2024, in the Southern District of New York and elsewhere, KEIBER JAEN MARTINEZ, a/k/a "Keybe," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," and MARLON FARIAS, a/k/a "Bili," the defendants, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, namely, the violent crime in aid of racketeering charged in Count Fifteen of this Indictment, knowingly used and carried firearms, and in furtherance of such crimes, possessed firearms, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the use, carrying, and possession of firearms, which were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT SEVENTEEN
### (Violent Crime in Aid of Racketeering – Murder of Justin Lawless)
### (JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, FARIAS)

The Grand Jury further charges:

38.     At all times relevant to this Indictment, TDA, as described in Paragraphs One through Seven of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate

and foreign commerce. TDA constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of TDA.

39.    At all relevant times to this Indictment, TDA, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely:

a.    Multiple acts involving:

(i)    murder, chargeable under the following provisions of New York State law: New York Penal Law, Sections 125.25 (murder), 110.00 (attempt), 105.15 (conspiracy), and 20.00 (aiding and abetting);

(ii)    robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.00, 160.05, 160.10 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

(iii)    extortion, chargeable under the following provisions of state law: New York Penal Law, Sections 155.05(2)(e) and 155.40 (larceny by extortion), 110.00 (attempt), 105.10 (conspiracy), and 20.00 (aiding and abetting);

b.    multiple acts indictable under:

(i)    Title 18, United States Code, Section 1591 (relating to sex trafficking by force, fraud, and coercion);

(ii)    Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

(iii)    Title 18, United States Code, Section 933 (relating to trafficking in firearms); and

c.      multiple offenses involving the distribution of controlled substances, including ketamine, methamphetamine, and marijuana, chargeable under Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing).

40.     On or about May 24, 2024, in the Southern District of New York and elsewhere, KEIBER JAEN MARTINEZ, a/k/a "Keybe," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," and MARLON FARIAS, a/k/a "Bili," the defendants, and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in TDA, an enterprise engaged in racketeering activity, as described above, knowingly and intentionally murdered Justin Lawless, in that, (a) with the intent to cause the death of Justin Lawless, JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, and FARIAS caused the death of Justin Lawless; and, (b) under circumstances evincing a depraved indifference to human life, JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, and FARIAS recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused the death of Justin Lawless; and knowingly assaulted an individual with a dangerous weapon, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the same, to wit, JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, and FARIAS shot at Justin Lawless, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the shooting of Justin Lawless, in the vicinity of 2290

Davidson Avenue in the Bronx, New York, which resulted in the death of Justin Lawless, in violation of New York Penal Law, Sections 120.05(2), 120.14, 125.25, and 20.00.

## SPECIAL FINDINGS REGARDING THE MURDER OF JUSTIN LAWLESS

41.     Count Seventeen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Seventeen, alleging murder in aid of racketeering from the May 24, 2024 murder of Justin Lawless, KEIBER JAEN MARTINEZ, a/k/a "Keybe," the defendant:

        a.     was 18 years of age and older at the time of the offense;

        b.     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Justin Lawless died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

        c.     in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

42.     Count Seventeen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Seventeen, alleging murder in aid of racketeering from the May 24, 2024 murder of Justin Lawless, SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," the defendant:

        a.     was 18 years of age and older at the time of the offense;

        b.     intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than

one of the participants in the offense, and Justin Lawless died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

        c.      in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

        43.      Count Seventeen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Seventeen, alleging murder in aid of racketeering from the May 24, 2024 murder of Justin Lawless, EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendant:

        a.      was 18 years of age and older at the time of the offense;

        b.      intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Justin Lawless died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

        c.      intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Justin Lawless died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

        d.      in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and

        44.      Count Seventeen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein. As to Count Seventeen, alleging murder in aid of racketeering from

the May 24, 2024 murder of Justin Lawless, KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," the defendant:

        a.      was 18 years of age and older at the time of the offense;

        b.      intentionally killed Justin Lawless (Title 18, United States Code, Section 3591(a)(2)(A));

        c.      intentionally inflicted serious bodily injury that resulted in the death of Justin Lawless (Title 18, United States Code, Section 3591(a)(2)(B));

        d.      intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Justin Lawless died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

        e.      intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Justin Lawless died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(D)); and

        f.      in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

      45.    Count Seventeen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein.  As to Count Seventeen, alleging murder in aid of racketeering from the May 24, 2024 murder of Justin Lawless, KEINEYER IBARRA-MUJICA, a/k/a "Keiner," the defendant:

        a.      was 18 years of age and older at the time of the offense;

b.      intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Justin Lawless died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

c.      in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

46.    Count Seventeen of the Indictment is re-alleged and incorporated by reference as though fully set forth herein.  As to Count Seventeen, alleging murder in aid of racketeering from the May 24, 2024 murder of Justin Lawless, MARLON FARIAS, a/k/a "Bili," the defendant:

a.      was 18 years of age and older at the time of the offense;

b.      intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Justin Lawless died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C)); and

c.      in the commission of the offense knowingly created a grave risk of death to one and more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)).

(Title 18, United States Code, Sections 1959(a)(1), (a)(3), and 2.)

## COUNT EIGHTEEN
### (Firearms Use, Carrying, and Possession)
### (JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, FARIAS)

The Grand Jury further charges:

47.    On or about May 24, 2024, in the Southern District of New York and elsewhere, KEIBER JAEN MARTINEZ, a/k/a "Keybe," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," and MARLON FARIAS, a/k/a "Bili," the defendants, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, namely, the violent crime in aid of racketeering charged in Count Seventeen of this Indictment, knowingly used and carried firearms, and in furtherance of such crimes, possessed firearms, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the use, carrying, and possession of firearms, which were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT NINETEEN
### (Violent Crime in Aid of Racketeering – Shooting of Victim-3)
### (JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, FARIAS)

The Grand Jury further charges:

48.    At all times relevant to this Indictment, TDA, as described in Paragraphs One through Seven of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate

and foreign commerce. TDA constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of TDA.

49.     At all relevant times to this Indictment, TDA, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely:

a.     Multiple acts involving:

(i)     murder, chargeable under the following provisions of New York State law: New York Penal Law, Sections 125.25 (murder), 110.00 (attempt), 105.15 (conspiracy), and 20.00 (aiding and abetting);

(ii)     robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.00, 160.05, 160.10 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

(iii)     extortion, chargeable under the following provisions of state law: New York Penal Law, Sections 155.05(2)(e) and 155.40 (larceny by extortion), 110.00 (attempt), 105.10 (conspiracy), and 20.00 (aiding and abetting);

b.     multiple acts indictable under:

(i)     Title 18, United States Code, Section 1591 (relating to sex trafficking by force, fraud, and coercion);

(ii)     Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

(iii)     Title 18, United States Code, Section 933 (relating to trafficking in firearms); and

c.    multiple offenses involving the distribution of controlled substances, including ketamine, methamphetamine, and marijuana, chargeable under Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing).

50.    On or about May 24, 2024, in the Southern District of New York and elsewhere, KEIBER JAEN MARTINEZ, a/k/a "Keybe," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," and MARLON FARIAS, a/k/a "Bili," the defendants, and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in TDA, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous weapon resulting in serious bodily injury and attempted to murder an individual, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the same, to wit, JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, and FARIAS shot at Victim-3, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the shooting of Victim-3, in the vicinity of 2290 Davidson Avenue in the Bronx, New York, which resulted in a non-fatal gunshot wound to Victim-3, in violation of New York Penal Law, Sections 120.05(1), 120.05(2), 120.14, 125.25, 110.00, and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), (a)(5), and 2.)

32

## COUNT TWENTY
### (Firearms Use, Carrying, and Possession)
**(JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, FARIAS)**

The Grand Jury further charges:

51.     On or about May 24, 2024, in the Southern District of New York and elsewhere, KEIBER JAEN MARTINEZ, a/k/a "Keybe," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," and MARLON FARIAS, a/k/a "Bili," the defendants, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, namely, the violent crime in aid of racketeering charged in Count Nineteen of this Indictment, knowingly used and carried firearms, and in furtherance of such crimes, possessed firearms, and aided, abetted, counseled, commanded, induced, procured, and willfully caused the use, carrying, and possession of firearms, which were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT TWENTY-ONE
### (Conspiracy to Commit Murder in Aid of Racketeering)
**(JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, FARIAS)**

The Grand Jury further charges:

52.     At all times relevant to this Indictment, TDA, as described in Paragraphs One through Seven of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate

and foreign commerce. TDA constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of TDA.

53.     At all relevant times to this Indictment, TDA, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely:

    a.    Multiple acts involving:

    (i)    murder, chargeable under the following provisions of New York State law: New York Penal Law, Sections 125.25 (murder), 110.00 (attempt), 105.15 (conspiracy), and 20.00 (aiding and abetting);

    (ii)    robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.00, 160.05, 160.10 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

    (iii)    extortion, chargeable under the following provisions of state law: New York Penal Law, Sections 155.05(2)(e) and 155.40 (larceny by extortion), 110.00 (attempt), 105.10 (conspiracy), and 20.00 (aiding and abetting);

    b.    multiple acts indictable under:

    (i)    Title 18, United States Code, Section 1591 (relating to sex trafficking by force, fraud, and coercion);

    (ii)    Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

    (iii)    Title 18, United States Code, Section 933 (relating to trafficking in firearms); and

c.    multiple offenses involving the distribution of controlled substances, including ketamine, methamphetamine, and marijuana, chargeable under Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing).

54.    On or about May 24, 2024, in the Southern District of New York and elsewhere, KEIBER JAEN MARTINEZ, a/k/a "Keybe," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," and MARLON FARIAS, a/k/a "Bili," the defendants, and others known and unknown, for the purpose of gaining entrance to and maintaining and increasing position in TDA, an enterprise engaged in racketeering activity, as described above, conspired to murder three individuals in violation of New York Penal Law, Sections 125.25 and 105.15, to wit, JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, and FARIAS agreed with others to kill Claretha LaQuesha Daniels, Justin Lawless, and Victim-3 in the vicinity of 2290 Davidson Avenue in the Bronx, New York.

(Title 18, United States Code, Section 1959(a)(5).)

## COUNT TWENTY-TWO
### (Possession of Ammunition by an Illegal Alien)
### (JAEN MARTINEZ, GONZALEZ CASTRO, MORILLO-GOMEZ, SILVA-JIMENEZ, IBARRA-MUJICA, FARIAS)

The Grand Jury further charges:

55.    On or about May 24, 2024, in the Southern District of New York and elsewhere, KEIBER JAEN MARTINEZ, a/k/a "Keybe," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER

SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," and MARLON FARIAS, a/k/a "Bili," the defendants, each knowing he was an alien illegally and unlawfully in the United States, knowingly possessed and aided, abetted, counseled, commanded, induced, procured, and willfully caused the possession of ammunition, to wit, Sellier & Bellot a.s. S&W .40 caliber ammunition, and the ammunition was in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(5) and 2.)

**COUNT TWENTY-THREE**
**(Violent Crime in Aid of Racketeering)**
**(GONZALEZ CASTRO)**

The Grand Jury further charges:

56.     At all times relevant to this Indictment, TDA, as described in Paragraphs One through Seven of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which is engaged in, and the activities of which affected, interstate and foreign commerce. TDA constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of TDA.

57.     At all relevant times to this Indictment, TDA, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely:

a.      multiple acts involving:

(i)      murder, chargeable under the following provisions of New York State law: New York Penal Law, Sections 125.25 (murder), 110.00 (attempt), 105.15 (conspiracy), and 20.00 (aiding and abetting);

36

(ii)        robbery, chargeable under the following provisions of state law: New York Penal Law, Sections 160.00, 160.05, 160.10 (robbery), 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

(iii)        extortion, chargeable under the following provisions of state law: New York Penal Law, Sections 155.05(2)(e) and 155.40 (larceny by extortion), 110.00 (attempt), 105.10 (conspiracy), and 20.00 (aiding and abetting);

b.        multiple acts indictable under:

(i)        Title 18, United States Code, Section 1591 (relating to sex trafficking by force, fraud, and coercion);

(ii)        Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, or extortion) and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing);

(iii)        Title 18, United States Code, Section 933 (relating to trafficking in firearms); and

c.        multiple offenses involving the distribution of controlled substances, including ketamine, methamphetamine, and marijuana, chargeable under Title 21, United States Code, Sections 841(a)(1) (distribution and possession with intent to distribute) and 846 (conspiracy), and Title 18, United States Code, Section 2 (aiding and abetting, and willfully causing).

58.        On or about August 3, 2024, in the Southern District of New York and elsewhere, SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," the defendant, for the purpose of gaining entrance to and maintaining and increasing position in TDA, an enterprise engaged in racketeering activity, as described above, knowingly assaulted an individual with a dangerous

weapon resulting in serious bodily injury and attempted to murder an individual, and aided and abetted the same, to wit, GONZALEZ CASTRO shot at an individual ("Rival-1") who was a member of Anti-Tren, a splinter organization of former TDA members, in the vicinity of Roosevelt Avenue and 89th Street in Queens, New York, in violation of New York Penal Law, Sections 120.05(1), 120.05(2), 120.14, 125.25, 110.00, and 20.00, which resulted in Rival-1 and an innocent bystander ("Victim-4") being shot and injured.

(Title 18, United States Code, Sections 1959(a)(3), (a)(5), and 2.)

## COUNT TWENTY-FOUR
### (Firearm Use, Carrying, and Possession)
### (GONZALEZ CASTRO)

The Grand Jury further charges:

59.     On or about August 3, 2024, in the Southern District of New York and elsewhere, SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the violent crime in aid of racketeering charged in Count Twenty-Three of this Indictment, knowingly used and carried a firearm, and in furtherance of such crimes, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii) and 2.)

## COUNT TWENTY-FIVE
### (Possession of Ammunition by an Illegal Alien)
### (GONZALEZ CASTRO)

The Grand Jury further charges:

60.     On or about August 3, 2024, in the Southern District of New York and elsewhere, SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," the defendant, knowing he was an

alien illegally and unlawfully in the United States, knowingly possessed and aided and abetted the possession of ammunition, to wit, (i) M-90 d.o.o. 9mm Luger ammunition, (ii) Remington 9mm Luger ammunition, (iii) CCI Blazer 9mm Luger ammunition, and the ammunition was in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(5) and 2.)

## FORFEITURE ALLEGATIONS

61.    As a result of committing the offense alleged in Count One of this Indictment, KEIBER JAEN MARTINEZ, a/k/a "Keybe," JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," MARLON FARIAS, a/k/a "Bili," BRAYAN OLIVEROS-CHERO, SANDRO OLIVEROS-CHERO, and ARMANDO JOSE PEREZ GONZALEZ, a/k/a "Biblia," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963, any and all interests the defendants acquired or maintained in violation of Title 18, United States Code, Section 1962; any and all interests in, securities of, claims against, and property or contractual rights of any kind affording a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and any and all property constituting and derived from proceeds obtained, directly and indirectly, from the offense alleged in Count One of this Indictment including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

62.     As a result of committing the offense alleged in Count Two of this Indictment, JARWIN VALERO-CALDERON, a/k/a "La Fama," BRAYAN OLIVEROS-CHERO, SANDRO OLIVEROS-CHERO, and ARMANDO JOSE PEREZ GONZALEZ, a/k/a "Biblia," the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

63.     As a result of committing the offenses alleged in Counts Three and Four of this Indictment, JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," and EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(5), any and all property, real and personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the following specific property: a Toyota 4Runner with VIN #JTEBU14R940035892.

64.     As a result of committing the offenses alleged in Counts Five and Seven of this Indictment, JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," and EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all

property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the following specific property: a Toyota 4Runner with VIN #JTEBU14R940035892.

65.     As a result of committing the offenses alleged in Counts Six and Eight of this Indictment, JARWIN VALERO-CALDERON, a/k/a "La Fama," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," and EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, or intended to be used in said offenses, including but not limited to: a .380 caliber Smith & Wesson pistol with serial number #NDH6974, including ammunition recovered therein.

66.     As a result of committing the offenses alleged in Counts Nine, Ten, Eleven, and Twelve of this Indictment, BRAYAN OLIVEROS-CHERO and SANDRO OLIVEROS-CHERO, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, or intended to be used in said offenses, including but not limited to: a loaded .40 caliber privately made firearm; an extended magazine containing PMC Smith & Wesson .40 caliber ammunition; two loose rounds of PMC Smith & Wesson .40 caliber ammunition; a box of PMC .40 caliber ammunition; a loaded blue-and-gray Glock Model 19 9mm pistol; and an extended magazine containing various 9mm ammunition.

67.     As a result of committing the offenses alleged in Counts Thirteen and Fourteen of this Indictment, ARMANDO JOSE PEREZ GONZALEZ, a/k/a "Biblia," the defendant, shall

forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, or intended to be used in said offenses, including but not limited to: a Harrington and Richardson .38 caliber revolver, including the ammunition recovered therein.

68.    As a result of committing the offenses alleged in Counts Sixteen, Eighteen, Twenty, and Twenty-Four of this Indictment, KEIBER JAEN MARTINEZ, a/k/a "Keybe," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," and MARLON FARIAS, a/k/a "Bili," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28 United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, and intended to be used in said offense.

69.    As a result of committing the offense alleged in Count Twenty-Two of this Indictment, KEIBER JAEN MARTINEZ, a/k/a "Keybe," SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," EFERSON MORILLO-GOMEZ, a/k/a "Jefferson," a/k/a "Efe Trebol," KEIVER SILVA-JIMENEZ, a/k/a "Josue Silva," a/k/a "Chuky," KEINEYER IBARRA-MUJICA, a/k/a "Keiner," and MARLON FARIAS, a/k/a "Bili," the defendants, shall forfeit to the United States, pursuant to Title 18, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in, used in, or intended to be used in said offenses, including but not limited to: Sellier & Bellot a.s. S&W .40 caliber ammunition.

70.    As a result of committing the offense alleged in Count Twenty-Four of this Indictment, SAMUEL GONZALEZ CASTRO, a/k/a "Klei," a/k/a "Kley," the defendant, shall forfeit to the United States, pursuant to Title 18, Section 924(d)(1) and Title 28, United States

Code, Section 2461(c), any and all firearms and ammunition involved in, used in, or intended to be used in said offense, including but not limited to: (i) M-90 d.o.o. 9mm Luger ammunition, (ii) Remington 9mm Luger ammunition, (iii) CCI Blazer 9mm Luger ammunition.

71.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        a.    cannot be located upon the exercise of due diligence;

        b.    has been transferred or sold to, or deposited with, a third person;

        c.    has been placed beyond the jurisdiction of the Court;

        d.    has been substantially diminished in value; or

        e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), and Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 924, 981, 982, and 1963;
Title 21, United States Code, Section 853, and
Title 28, United States Code, Section 2461.)



FOREPERSON

JAY CLAYTON
United States Attorney